IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TIMOTHY BRENT HARWOOD, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-15-2399 |
| DARREN EARL DISNEY t/a DISNEY PROPERTIES, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Timothy Brent Harwood ("Plaintiff" or "Harwood") has brought this action against Defendants Darren Earl Disney t/a Disney Properties ("Disney") and Bay Area Receivables, Inc. ("BAR")[1] (collectively "Defendants"), alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1581 *et seq.*[2], by both Defendants Disney and BAR (Counts One and Three) and breach of contract by Defendant Disney (Count Two). Compl. at ¶ 21-35, ECF No. 1. Currently pending before this Court is Defendant Disney's Motion to Dismiss all claims against him (ECF No. 7). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2014). For the reasons

---

[1] Plaintiff failed to effect service of process upon Defendant Bay Area Receivables within 120 days of filing the Complaint. Therefore, this Court entered a Show Cause Order on April 20, 2016 (ECF No. 13), pursuant to Local Rule 103.8(a) (D. Md. 2014), directing the Plaintiff to show cause why his claims against Defendant Bay Area Receivables should not be dismissed. If Plaintiff fails to show good cause by May 4, 2016, Defendant Bay Area Receivables shall be dismissed with prejudice from this case.

[2] Plaintiff incorrectly cites the Fair Credit Reporting Act in his Complaint. The FCRA is codified at 15 U.S.C. § 1681 *et seq*. Plaintiff has since clarified in his Opposition to the pending motion (ECF No. 11) that he alleges violations of 15 U.S.C. § 1681s-2(b) specifically. *See* discussion *infra*.

1

that follow, Defendant Disney's Motion to Dismiss (ECF No. 7) is GRANTED. Accordingly, all claims asserted by Plaintiff against Defendant Disney are DISMISSED.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). On or about April 17, 2012, Plaintiff Timothy Brent Harwood ("Plaintiff" or "Harwood") "rented three residential properties" in Salisbury, Maryland from Defendant Darren Earl Disney ("Defendant" or "Disney"), pursuant to " 'Dwelling Lease[s].' " Compl. at ¶ 6,8, ECF No. 1. Harwood leased the properties for approximately six months and, pursuant to the terms of the leases, paid Disney a $1,000 security deposit for each property. *Id.* at ¶ 7, 9. Upon expiration of the leases, Disney submitted three letters to Harwood itemizing "various 'charges' against [his] account for items including, but not limited to, light bulbs, trash removal, stove drip pans, rekeying locks, refrigerator shelves and air filters." *Id.* at ¶ 10-11. Accordingly, Disney "retained all of the deposit funds and claimed an additional One Thousand Eight Hundred Seventeen Dollars and Twenty Eight cents for a total of Four Thousand Eight Hundred Seventeen Dollars and Twenty Eight Cents." *Id.* at ¶ 12.

Harwood claims that he "requested additional information to clarify the charges," but that Disney ignored his requests. Id. at ¶ 13. Disney eventually forwarded the matter to Defendant Bay Area Receivables, Inc. ("Defendant" or "BAR"), who caused the debt to be reported on the Plaintiff's credit report. *Id.* at 14-15. On April 12, 2014, Harwood, with the assistance of counsel, sent letters to Disney and to BAR "requesting, *inter alia*, supporting documentation for the charges and asking that Defendant provide the name of the Maryland

real estate licensee affiliated with Defendant Disney's operations." *Id.* at ¶ 16-17. Harwood claims that both Disney and BAR ignored the letter, declined to provide supporting documentation for the charges, declined to provide the name of the broker of record, and declined to "take any action to show that the debt was disputed by [Harwood]." *Id.* at ¶ 18. Since the debt was reported on his credit report, Harwood "has been denied the benefit of two commercial loans with the prospective lenders each citing the Disney Properties debt." *Id.* at ¶ 19. "An examination of Maryland Department of Labor and Licensing's Real Estate Commission's records failed to identify defendant Disney as a licensed real estate broker, associate broker or salesperson nor did the records identify a broker affiliated with Disney properties." *Id.* at ¶ 20.

Subsequently, Plaintiff filed the present action in this Court action against Defendants Disney and BAR, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1581 *et seq.*[3], by both Defendants (Counts One and Three) and breach of contract by Defendant Disney (Count Two). *Id.* at ¶ 21-35. Plaintiff alleges that Disney "has failed to comply with the duties imposed upon him [under the FCRA] by, among other things, furnishing to defendant BAR inaccurate information, failing to notify defendant BAR that the debt is disputed and failing to provide information to support his claim." *Id.* at ¶ 23. He alleges that "BAR failed to respond to the Plaintiff's letter and apparently did nothing to investigate the claims of the Plaintiff . . . , submitted information to the credit reporting agency without informing the agency that the debt was disputed . . . ," and failed to "update information submitted to the credit reporting agency as required by the [FCRA]." *Id.* at ¶ 33.

---

[3] As stated *supra*, Plaintiff has since clarified that he alleges violations of 15 U.S.C. § 1681s-2(b).  *See* discussion *infra*.

3

STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true the factual allegations contained in the complaint, the court is not so constrained when the factual allegations are conclusory or devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Moreover, a court need not accept any asserted legal conclusions drawn from the proffered facts. *Iqbal*, 556 U.S. at 678. (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff,

we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)).

Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679. Although a "plaintiff need not plead the evidentiary standard for proving" her claim, she may no longer rely on the mere possibility that she could later establish her claim. *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, 780 F.3d 582, 584 (4th Cir. 2015) (emphasis omitted) (discussing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002) in light of *Twombly* and *Iqbal*). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. While the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim." (emphasis in original) (internal quotation marks and citation omitted)). In making this assessment, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief. *Iqbal*, 556 U.S. at 679. "At bottom, a plaintiff must nudge [its] claims across the line from conceivable to plausible to resist dismissal." *Wag More Dogs, LLC*, 680 F.3d at 365 (internal quotation marks omitted).

ANALYSIS

Defendant Disney argues that Plaintiff fails to state a claim against Disney under the Fair Credit Reporting Act ("FCRA").  Mem. Supp. Mot. to Dismiss, p. 3, ECF No. 7-1. Although the Complaint fails to specify which subsections of the FCRA Disney allegedly violated, Disney operates under the assumption that Plaintiff intended to plead violations of 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b).  *Id.* at 4.  In his Opposition, Plaintiff "stipulates that the remedies available for alleged violations of 15 U.S.C. § 1681s-2(a) are only available through select agencies and not through the Courts."  Pl. Opp'n., p. 2, ECF No. 11 (citing 15 U.S.C. § 1681s-2(c), (d)); *see also Akpan v. First Premier Bank*, No. DKC 09-1120, 2010 WL 917886, at *3 (D. Md. Mar. 8, 2010) (observing that 15 U.S.C. § 1681s-2(a) is "unenforceable through a private suit.").  Plaintiff then proceeds to discuss his claims in the context of 15 U.S.C. § 1681s-2(b).  *Id.*  Accordingly, this Court will construe Plaintiff's Complaint as alleging a violation of 15 U.S.C. § 1681s-2(b) by Disney (Count One) and will construe the pending motion as a Motion to Dismiss that claim.

If a consumer disputes the accuracy of information in a credit report, the consumer may have a private right of action against the furnisher of the inaccurate information if the furnisher fails to properly investigate a dispute. 15 U.S.C. § 1681s-2(b).  15 U.S.C. § 1681s-2(b) provides as follows:

> **(b) Duties of furnishers of information upon notice of dispute**
>> **(1) In general**
>> After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>>> **(A)** conduct an investigation with respect to the disputed information;

> **(B)** review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
>
> **(C)** report the results of the investigation to the consumer reporting agency;
>
> **(D)** if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> **(E)** if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
>
>> **(i)** modify that item of information;
>>
>> **(ii)** delete that item of information; or
>>
>> **(iii)** permanently block the reporting of that item of information.

However, a private cause of action arises under § 1681s-2(b) only when the debtor files a dispute *with the credit reporting agency* and the furnisher of the information in turn receives notice from the credit reporting agency that the consumer has filed a dispute. *See Jackson v. Convergent Outsourcing, Inc.*, No. RDB-13-1755, 2014 WL 722116, at *2 (D. Md. Feb. 25, 2014); *Robinson v. Greystone Alliance, LLC*, No. BPG–10–3658, 2011 WL 2601573, at *3 n. 6 (D. Md. June 29, 2011); *see also SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011) ("Although consumer reporting agencies are subject to immediate suit by consumers under §§ 1681n and 1681o, furnishers of the information are not.  Instead, a private citizen wishing to bring an action against a furnisher must first file a dispute *with the consumer reporting agency*, which then must notify the furnisher of information that a dispute exists. *Only after this notification* can the furnisher face any liability to a private individual.") (emphasis added).

Here, Plaintiff has not alleged any facts showing that he filed a dispute with a credit reporting agency or that Defendant Disney subsequently received notice of a dispute from that credit reporting agency.  Plaintiff alleges only that he notified Defendants Disney and BAR directly of his dispute.  Neither of them is a credit reporting agency.  Furthermore, even if these first two elements were satisfied, Plaintiff does not sufficiently allege that Defendant Disney neglected his obligations under 15 U.S.C. § 1681s-2(b), *see* subsections (A) – (E) *supra*, including conducting an investigation with respect to the disputed information, reviewing all relevant information provided by the consumer reporting agency, and reporting the results of the investigation to the consumer reporting agency.

Plaintiff appends to his Opposition brief an affidavit in which he indicates that he "filed a dispute with Experian [a credit reporting agency], using their electronic dispute protocols," but that "all of the information was submitted online" and he does "not have copies of the dispute."  Harwood Aff. at ¶ 1, ECF No. 11-1.  Plaintiff argues that he "should be entitled to discovery to determine how Experian provided notice to the furnisher."  Pl. Opp'n, p. 2, ECF No. 11.  Defendant Disney, in his own affidavit attached to Defendant's Reply brief, verifies that he has "not been contacted by or notified by Experian or any other consumer reporting agency that Harwood disputes the debt."  Disney Aff. at ¶ 9, ECF No. 12-2.

"The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolves contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)).  When considering a motion to

dismiss, this Court generally limits its review to the Plaintiff's Complaint. *See, e.g., Givens v. Citimortgage, Inc.*, No. PJM-10-1249, 2011 WL 806463, at *3 (D. Md. Feb. 28, 2011). Here, Plaintiff's Complaint fails to satisfy the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), with respect to his claim against Disney for violation of 15 U.S.C. § 1681s-2(b). *See Akpan*, 2010 WL 917886 at *3 (Plaintiff failed to state a claim for relief under the FCRA where he "[did] not allege that he notified a credit reporting agency of a dispute regarding the accuracy of information reported to it, nor [did] he assert that Defendant was notified by the consumer reporting agency of a dispute such that it could have violated its duties pursuant to 15 U.S.C. § 1681[s]-2(b)(1)."). Plaintiff has failed to allege that: (1) Harwood filed a complaint with a consumer reporting agency; (2) Disney was notified of the dispute by the consumer reporting agency; and (3) in response, Disney failed to conduct a reasonable investigation. Therefore, Defendant Disney's Motion to Dismiss (ECF No. 7) is GRANTED with respect to Count One. Accordingly, Plaintiff's Fair Credit Reporting Act claim against Defendant Disney (Count One) is DISMISSED.

Because Plaintiff's Fair Credit Reporting Act claim against Defendant Disney is dismissed, Plaintiff's common law breach of contract claim against Defendant Disney, seeking judgment in the amount of $3,000 (Count Two), will also be dismissed. When, as here, a federal claim is dismissed early in the case, federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction. *See Neff v. Green*, No. RDB-15-502, 2015 WL 4724942, at *3 (D. Md. Aug. 7, 2015), appeal dismissed (Nov. 16, 2015) (citing *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Therefore,

Defendant Disney's Motion to Dismiss (ECF No. 7) is GRANTED with respect to Count Two. Accordingly, Plaintiff's breach of contract claim against Defendant Disney (Count Two) is DISMISSED, subject to refiling in state court.[4]

## CONCLUSION

For the reasons stated above, Defendant Disney's Motion to Dismiss (ECF No. 7) is GRANTED. All claims asserted by Plaintiff against Defendant Disney shall be DISMISSED.

A separate Order follows.

Dated: April 28, 2016                          _____/s/_____

                                                                             Richard D. Bennett
                                                                             United States District Judge

---

[4] This case will remain open, pending Plaintiff's response to this Court's Show Cause Order, dated April 20, 2016 (ECF No. 13). *See supra* n. 1.